## GEORGE SLOAN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. LARCENY—*what proof insufficient to authorize a conviction under the act of June* 28th, 1867. Where, in a trial for larceny, the evidence failed to disclose the time when the offence was committed, other than the statement of the prosecuting witness, to the effect that the property was lost *"about"* eighteen months before the trial, which occurred January 17th, 1868, and that *"some months afterwards"* it was found in possession of a party to whom the defendant had sold it : *Held,* that the expressions *"about"* and *" some months afterwards,"* in fixing the time of the commission of the larceny, were too indefinite to warrant an instruction to the jury, authorizing the punishment to be imposed under the act of June 28th, 1867, should they find the defendant guilty, and the value of the property to be $15, or more.

2. SAME. That, under this evidence, the jury would have been warranted in finding the offence to have been committed *after* the adoption of the act of March 5th, 1867, and before the adoption of the act of June 28th, 1867, and if so found, it would be petty larceny, had the jury found the value of the property to be less than $25.

WRIT OF ERROR to the Circuit Court of Warren county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Mr. JAMES W. DAVIDSON, for the plaintiff in error.

Mr. J. A. McKENZIE, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment for larceny, tried in the Warren Circuit Court. On the trial of the cause, the court below instructed the jury that, if they should find the defendant guilty, they should also find the value of the property stolen, and if the value, so found, was fifteen dollars or more, they

should fix the term of the imprisonment of the accused in the penitentiary for any time not less than one year, and not more than ten years. This presents the question, whether the larceny of this property, even if a larceny is proved to have been committed, falls under the act of March 5, 1867, (Sess. laws, 90) or under the act of June 28th, 1867, (Special sess. 37). The former of these acts declares that no person shall be punished by confinement in the penitentiary, on a conviction of the crime of larceny, unless the value of the property stolen shall be found by the jury to be twenty-five dollars; and when found to be of less value than that amount, it requires the punishment to be by confinement in the county jail.

The latter named act alters the first, by fixing the value of the property stolen at fifteen dollars, to make it grand larceny. Where the property is found to be of that value, the latter statute fixes the punishment in the penitentiary, while, if of less value, then by confinement in the county jail. If, then, this property was stolen between the fifth of March, 1867, and the 28th of June of that year, and was less in value than twenty-five dollars, the offense was petty larceny, and the instruction did not embody a correct statement of the law; if it was prior to the fifth of March, 1867, then it was correct.

Upon a careful examination of the evidence, we find that the time of the commission of the act by plaintiff in error does not appear. The prosecuting witness states that she lost the shoats " about " eighteen months before the trial below, which occurred on the 17th of January, 1868. The expression " about " a specified time, is indefinite, as it may include a greater or smaller space of time subsequent to the period named; and she states that, some months afterwards, the shoats were found in the possession of the person to whom plaintiff in error had sold them. This expression, " some months," is still more indefinite than the other. Whether it was two, or six, or more, is left entirely to conjecture. If

she lost her shoats, and they had only strayed away in the latter part of August, 1866, which, or even a longer period, might perhaps, be considered by the jury as being about eighteen months before the time of the trial, and they were found in the possession of McGrew after the fifth of March, 1867, only about six months from the first of September, 1866, the jury might have said that it was but some months after they were missing. Thus it is seen, that all of this evidence might be true, and the offense have been committed after the adoption of the act of March, 1867, and if so, then it would only have been petty larceny, if the property was less in value than twenty-five dollars; and in such a case, the instruction would have misled the jury to the prejudice of the plaintiff in error.

The evidence as to the value of the property is conflicting. Some of the testimony places the value as low as six or seven dollars each, while the prosecuting witness fixes it at ten dollars. If, then, the jury had found the shoats to be worth from six to eight dollars each, and there being but three of them, it would leave the value less than twenty-five dollars, which, we have seen, would not be sufficient to authorize an imprisonment in the penitentiary, if this property was stolen after the 5th of March, 1867, when the change was made in the law. We say there were but three shoats proven; more accurately speaking, the People offered to prove by McGrew that plaintiff had sold him that number, and it was admitted, without proof, to be true, and we discover no other evidence in the record showing a greater number to have been in the possession of plaintiff in error.

Inasmuch as the case will have to be passed upon by another jury, we deem it improper to discuss the evidence embodied in this record, leaving that to the jury who may try the case. For the error above indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*